JAMES EDWARD MELICAN, by Next Friend, THOMAS MELICAN, Respondent, v. MISSOURI-EDISON ELECTRIC COMPANY, Appellant.

### St. Louis Court of Appeals, December 3, 1901.

1. **Allegations of Petition: EVIDENCE: VARIANCE.** In the case at bar, there was no material variance between the allegations of negligence of the defendant in the petition and the evidence offered to support it.

2. **Pleading and Practice: IN JUSTICE'S COURT: NEGLIGENCE.** The general issue is raised by the defendant appearing and interposing a defense in a justice's court.

3. ———: ———: CONTRIBUTORY NEGLIGENCE. And in such circumstances the defense of contributory negligence is available to the defendant and should be recognized by the circuit court, both in the admission of evidence and in the instructions to the jury, although no special defense is pleaded.

4. **Instruction.** An instruction which is more in the nature of an argument than a declaration of law, should be refused.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

#### STATEMENT OF THE CASE.

On May 21, 1899, and prior thereto, defendant maintained poles for carrying electric wires in the public alley between Clark avenue and Atlantic street in the city of St. Louis. From one and one-half to two feet from the top of these poles cross-arms were fastened projecting about two feet

each way from the pole. Pins about five inches in length were fastened in these cross-arms near their ends and served to support the electric wires. One of these poles stood opposite residence No. 537 South Ewing avenue where plaintiff resided with his parents. To this pole was fastened a galvanized iron guy-wire running from it to a shorter pole some distance away to which it had been fastened. This wire had broken away from the short pole and had been hanging loose from the electric pole from eight days to two weeks before the accident complained of. A gate from the residence of plaintiff's parents opened on the alley just opposite this pole and the plaintiff was in the habit of playing in this portion of the alley with other children in the neighborhood. It appears that on rainy days the pole itself would become sufficiently charged with electricity to cause a tickling sensation to one touching it and that plaintiff and other children in the neighborhood discovered this fact and on rainy days would resort to the pole for the purpose of being tickled.

On the part of the plaintiff, the evidence tends to show that the guy-wire was fastened to the pole by being wrapped around the top of it from one, to one and one-half feet above the arms and electric wires, and that after it was broken it was hanging from the pole and into the alley. By swinging it around it could be brought in contact with the current-carrying wires. This loose wire was from forty to seventy-five feet in length; it hung down the pole on to the ground. The ground end of it was sometimes across the alley and at other times along the side of the alley. That grown-up persons traveling afoot through the alley were shy of the wire and would step over it or move it around out of the way, using a stick for the purpose. Plaintiff at the time of the injury was a strong healthy boy ten years of age. On the evening of May 21, 1899, he was playing in the alley about the pole with several other boys; that one of his playmates had hold of the wire

playing with it a few feet away from the pole and asked plaintiff to take hold of the wire, which he did; that immediately on taking hold of it he was thrown to the ground by an electric shock and rendered unconscious for twenty or thirty minutes. That as a result of the shock he had nervous prostration and was confined to his bed for one or two weeks and has since been subject to hysteria and suffers from pains in his back and the back of his head and is afflicted with insomnia.

On the part of the defendant the evidence is that it had inspectors who made daily inspections of its lines, and night inspectors to inspect the street lamps (one of which was on the pole in question), whose duty it was to remedy any irregularities that they found, or if not able to do so to report the same to the office of the company; that no report of the broken and suspended guy-wire was made until after the accident. Defendant's evidence tended to show that the broken wire was fastened to the pole below the arms and below the electric wires and that it could not have come in contact with the electric wires without being raised and swung around or switched up and down; that at the time of the accident plaintiff and his playfellow were swinging on the wire and that both were shocked and knocked down at the same instant but the other boy was not injured, got up immediately and ran home. The wire was in the hands of the plaintiff after he was knocked down and was knocked out of his hands by one of the boys present. Defendant also offered evidence tending to show that had the down-wire come in contact with the electric wires it would have been burned off in a very short time, and that if one end was on the ground and the other in contact with the current carrying wire the fact would have been indicated at once by instruments in the office kept for the purpose of detecting ground currents occasioned by a grounded wire. It was in evidence that a person receiving a considerable shock from contact with an electric wire would show evidence of the fact by

the mark of a burn at the point of contact; that nothing of this kind was observed on the plaintiff by the physician who examined him.   It was also shown that plaintiff was a boy of average intelligence for one of his age.

For plaintiff the court gave the following instruction:

"If the jury find from the evidence in this case, that, on the twenty-first of May, 1899, the defendant was maintaining the electric pole mentioned in the evidence as standing in the public alley between Clark avenue and Atlantic street, in the city of St. Louis; and if the jury further find from the evidence that from said pole there hung a broken wire, which came down to the surface of said alley from the top of said pole, and that said broken wire was maintained upon said pole by the defendant; and if the jury further find from the evidence that, on the twenty-first day of May, 1899, the plaintiff was in said alley at play, and, while so at play, he caught hold of said broken wire and sustained an electric shock therefrom, and was injured thereby; and if the jury further find from the evidence that said broken wire, as so suspended from said pole, was liable to be so placed as to become charged with electricity, and did become charged with electricity, and that plaintiff was shocked by said electric current when he had hold of said wire and was thereby injured; and if the jury further find from the evidence that the defendant did not exercise ordinary care in maintaining said wire in said condition in said alley; and if the jury further find from the evidence that the plaintiff was exercising ordinary care, according to his age and discretion, at the time of his injury, and such care as boys of his age and discretion would exercise under the same or similar circumstances; then the plaintiff is entitled to recover.

"The court instructs the jury that the burden of proving that the plaintiff was not exercising ordinary care, according to his age and discretion, and such as boys of his age and dis-

cretion would ordinarily use under the same or similar circumstances, is upon the defendant.

"If the jury find for the plaintiff they should assess his damages at such a sum as they believe, from the evidence, will be a fair compensation to him for any pain of body or mind which he has sustained or will hereafter sustain by reason of his injuries and directly caused thereby, not exceeding the sum of five hundred dollars."

Which said instructions the court gave; to which action and ruling of the court in giving said instructions, and each of them, the defendant then and there excepted at the time.

And for defendant the following instruction:

"The jury are instructed that the defendant has a right to make use of the alley in question for the purpose of maintaining and carrying a current of electricity, and that in carrying a current of electricity and in the exercise and enjoyment of this right it does not absolutely insure the public, who also have a right to make use of the alley, against every and all danger and injury that may result from its wires and the currents of electricity in them contained, nor is the defendant to be held liable simply because plaintiff may have been injured by the currents of electricity carried upon its wires; but in order to hold the defendant liable for such injury the plaintiff must show that the defendant is guilty of negligence, and that such negligence is the direct and proximate cause of his injury."

Which said instruction the court gave.

There was a verdict for plaintiff for five hundred dollars. Defendant filed a motion for new trial which was by the court overruled. In due time plaintiff filed its bill of exceptions and perfected its appeal to this court.

*W. B.* and *Ford W. Thompson* for appellant.

(1) When the petition sets out the particular act of negligence complained of, that act and that alone must be

proved by the evidence; and if at the close of plaintiff's case the evidence is not sufficient to establish the allegations of the petition, an instruction of nonsuit should be given. Schneider v. Railroad, 75 Mo. 295; Ravenscraft v. Railroad, 27 Mo. App. 617. (2) When plaintiff has alleged that his injuries were occasioned by certain stated acts of negligence, he must trace the cause of the injury to these negligent acts. Breen v. St. Louis Cooperage Co., 50 Mo. App. 202; Groll v. Tower, 12 Mo. App. 585. (3) To create a liability there must be a direct connection between the negligent act alleged and the injury. Moberly v. Railroad, 17 Mo. App. 518; Harlan v. Railroad, 65 Mo. 22. (4) The mere concurrence of negligence and injury does not make defendant liable in any event, unless the negligence was the proximate cause, the direct cause, of the injury. Reed v. Railroad, 50 Mo. App. 504; Stepp v. Railroad, 85 Mo. 229. (5) The instruction given for plaintiff is not predicated upon any of the facts, either alleged or shown in evidence, and is not based upon a sound proposition of law, and was clearly prejudicial to defendant's interests. Fink v. Furnace Co., 10 Mo. App. 61; s. c., 82 Mo. 276; Rushinburg v. Railroad, 109 Mo. 112; Schmitz v. Railroad, 46 Mo. App. 380; Porter v. Brewing Co., 24 Mo. App. 1; Dwyer v. Railroad, 12 Mo. App. 597; Frauenthal v. Gas Light Co., 67 Mo. App. 1.

No brief for respondent furnished reporter.

BLAND, P. J.—I. At the close of plaintiff's case defendant demurred to his evidence which was by the court overruled. Defendant's contention is that the negligence (if any was proven) is not the negligence alleged in the petition. The suit was begun in a justice's court by the plaintiff filing his petition therein, which, as to defendant's negligence, states as follows: "On May 21, 1899, defendant maintained and used

poles, wires and appliances for transmitting electricity in a certain public alley in the city of St. Louis; that upon said day plaintiff was lawfully in said alley and being ignorant of the danger came in contact with defendant's wire charged with electricity, which was broken and displaced and was lying upon the surface of the alley, and was injured; that defendant had negligently suffered said wire to be and remain in such defective and dangerous condition for a long period of time and up to the time of plaintiff's injury and thereby contributed to cause plaintiff such injury." One of the negligences complained of is, that defendant negligently suffered the dangerous wire to be and remain in a public alley. One of the negligences proven on the trial was that the wire had been in the alley from eight days to two weeks prior to the injury; that if swung around or switched up and down it would probably come in contact with a wire carrying an electric current; that the fact that the wire was broken and was lying in the alley was known, and had been known from the day it first broke, by the servants of defendant, whose duty it was to remove it or report its condition to the office of the company and that they did neither. To meet the allegation that the wire was charged with electricity and for that reason was dangerous it was not incumbent on plaintiff to show that it was so charged all the time that it was down. Evidence tending to show that it might be so charged with electricity at some time and that it was so charged and was dangerous at the time of the injury was sufficient. The evidence offered by both parties tended to show that if the wire was moved around or switched up and down it might come in contact with the live wires and that at the time of the injury a connection between the two was brought about (in some way not made clear by the evidence) and that the plaintiff was injured by an electric shock received from it. We are unable to perceive any material variance be-

tween these allegations of negligence of the defendant and the evidence offered in support.

II.    No answer or special defense was filed by the defendant, but the cause having originated before a justice of the peace, the plea of the general issue was raised by the defendant appearing and interposing a defense.    In such circumstances the defense of contributory negligence was available to the defendant and was recognized by the trial court both in the admission of testimony and in its instructions to the jury. In effect the jury was told that plaintiff could not recover if he failed to exercise ordinary care; defined to be such care as a boy of his age and discretion would exercise under the same or similar circumstances, and were further instructed that plaintiff could not recover unless the jury found that the defendant had been guilty of negligence in maintaining the wire in the alley and that its negligence directly contributed to the injury.

III.    Defendant's refused instruction assumed the existence of facts not in evidence and also commented on the evidence.    It is more in the nature of an argument than a declaration of law and was properly refused.    No error intervening at the trial, the judgment is affirmed.    All concur.